UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES, | No. 2:23-cv-0160 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| KEVIN RUETER, et al., | |
| Defendants. | |

Plaintiff is a state inmate, proceeding without a lawyer, who filed this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and state tort law.  Plaintiff was given an opportunity to file an amended complaint after the original complaint was screened and found to not state any claims for relief.  ECF No. 9.  He has now filed a first amended complaint (ECF No. 16), which was accompanied by a motion to appoint counsel (ECF No. 17).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

1

327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.   Factual Allegations of the First Amended Complaint

The first amended complaint alleges that defendants Rueter, Patel, Gates, Awatani, Ahmad, Onyeje, Felder, and Does 1-7, sued in their individual and official capacities, violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments, the ADA, the RA, and state tort law. ECF No. 16. Plaintiff alleges that Rueter refused to follow consultation orders from an outside doctor and insisted that oxcarbazepine was sufficient to treat plaintiff's pain. Id. at 5. Rueter also blamed non-diagnosis on the COVID-19 pandemic, refused to evaluate plaintiff's pain management level or place him on a medial hold, and allowed him to be transferred despite knowing his medical needs. Id. Awatani refused to reinstate referrals for consultations and said that he was not obligated to follow outside doctors' orders. Id. Ahmad similarly stated that he was not obligated to follow outside doctors' orders, blamed non-diagnosis on the pandemic, and said that transfers were the responsibility of custody staff, not medical. Id.

2

1   This appears to have been in response to plaintiff's request to have consultation orders for foot
2   surgery on both feet and proper recovery followed. Id.

3   Plaintiff also alleges that Onyeje failed to reinstate orders from consulting doctors,
4   allowed an unknown primary care physician to prescribe psychiatric medications in lieu of
5   regular pain medication, and failed to inform plaintiff about findings related to degenerative spine
6   discs and nerve obstructions. Id. Felder failed to acknowledge consultation doctors' orders
7   related to his feet surgeries and treatment for his neck and spine, while Gates, in what appears to
8   be a response to a grievance, failed to note the duration of time that passed or acknowledge that
9   surgery was facilitated within ten days followed by a transfer without time for recovery. Id. at 5-
10  6. Plaintiff asserts that all of the defendants failed to work with custody staff to minimize his
11  transfers to prevent changes to his care team and minimize disruptions to his care. Id. at 6. He
12  further alleges that they failed to recognize patient needs outside of those provided by the care
13  team, timely initiate referrals, manage patient handoffs from one care team to another, to
14  recognize the need for elevated levels of specialty care, and to manage the provision of
15  preventative service. Id. Doe 7, the Secretary of the California Department of Corrections and
16  Rehabilitation (CDCR) is responsible for overseeing all institutions and policies. Id.

17  Plaintiff also alleges that defendant Patel falsified documents to place him in the medical
18  infirmary for mobility issues after plaintiff asked for the continuance of podiatry orders for
19  surgery. Id. at 7. She then cancelled all of plaintiff's referrals for specialty consultations and
20  requested his immediate transfer. Id. Plaintiff was not allowed access to various programs based
21  solely on his disability. Id.

22  Finally, plaintiff appears to allege that Doe 5 and Gates sent him to a mental health facility
23  when he did not require mental health care. Id. at 8.

24  III.   Failure to State a Claim

25  Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the
26  complaint does not state any valid claims for relief against the defendants. Plaintiff fails to state
27  any claims against Doe defendants 1-4 and 6 because he does not allege any conduct by these
28  defendants. He also fails to state a claim for deliberate indifference against any of the defendants

3

because he fails to demonstrate that he had a serious medical need that defendants failed to treat. Although it is clear from the complaint that plaintiff was referred for surgery on his feet, it is unclear what condition the surgery was intended to treat, whether defendants denied or delayed the surgery or merely failed to follow the pain management plan ordered by the outside doctor, and what injury plaintiff suffered. Plaintiff has alleged facts showing that there was a difference in opinion between the outside doctor and defendants and between plaintiff and defendants as to plaintiff's treatment, but that is not enough to demonstrate deliberate indifference. It is also unclear how plaintiff's placement in a mental health facility relates to any asserted constitutional violation. Plaintiff has also failed to state any claims under state law because he has not alleged that he complied with the government claims act.

Plaintiff also indicates that he is attempting to bring a First Amendment claim based on his right to file grievances. However, there are no allegations that he was prevented from filing grievances, and it appears that his claim is instead based on the denial of his grievances, which does not state a claim for relief. Plaintiff has a right under the First Amendment to file grievance, not to receive a specific response to those grievances. Plaintiff also indicates that he is attempting to bring a Fourteenth Amendment equal protection claim, but there are no facts showing that he was discriminated against because he is a member of a protected class or that he was treated differently than similarly situated prisoners.

With respect to plaintiff's claim that Patel violated his rights under the ADA and RA, plaintiff fails to state a claim for relief because he does not establish that he had a disability or that he was discriminated against because of that disability. Although plaintiff alleges that Patel identified him as having mobility issues and classified him as disabled, he also alleges that he was improperly classified. It is therefore unclear whether plaintiff was disabled and if he was, what disability he suffered from. Because it is unclear whether plaintiff was actually disabled, it is also unclear whether he was discriminated against because of his disability.

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards

governing his potential claims for relief which are attached to this order.  See Attachment A.

IV.   Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel.  ECF No. 17.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

1  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

2  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

3  most prisoners, such as lack of legal education and limited law library access, do not establish

4  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

5      Plaintiff requests counsel on the grounds that he is indigent and will be disadvantaged in

6  serving defendants, conducting discovery, and representing himself at trial.  Because plaintiff is

7  proceeding in forma pauperis, the United States Marshals Service will complete service on

8  defendants should plaintiff state cognizable claims.  Plaintiff's other grounds for seeking

9  appointment of counsel are common to most prisoners and do not show the existence of

10  extraordinary circumstances warranting the appointment of counsel.  The motion will therefore be

11  denied.

12    VI.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

13      Your complaint will not be served because the facts alleged are not enough to state a

14  claim.  You are being given a chance to fix these problems by filing an amended complaint.  If

15  you file an amended complaint, pay particular attention to the legal standards attached to this

16  order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.

17  **Any claims and information not in the amended complaint will not be considered.**

18                                  CONCLUSION

19      In accordance with the above, IT IS HEREBY ORDERED that:

20      1.  Plaintiff's motion for appointment of counsel (ECF No. 17) is DENIED;

21      2.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

22  U.S.C. § 1915A, and will not be served.

23      3.  Within thirty days from the date of service of this order, plaintiff may file an amended

24  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

25  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

26  number assigned this case and must be labeled "Second Amended Complaint."

27      4.  Failure to file an amended complaint in accordance with this order will result in a

28  recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

1  Procedure.

2      5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
3  form used in this district.

4  DATED: March 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

A. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

B. Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S.

97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."

Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### C. Grievances

The First Amendment protects an inmate's right to litigate and to file grievances. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). However, a prisoner has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### D. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

### E. ADA and RA

Title II of the ADA and the RA apply to inmates within state prisons. Penn. Dept. of Corr. v. Yeskey, 524 U.S. 206 (1998). To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

1   O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v.
2   Davis, 295 F.3d 890, 895 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir.
3   2001).
4       While the RA has the additional requirement that the program or activity receive federal
5   funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and
6   obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same
7   analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of Cal., 166 F.3d
8   1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted). Claims under the ADA and RA
9   cannot be brought against defendants in their individual capacities because "[t]he ADA applies
10  only to public entities." Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); 42 U.S.C.
11  § 12131(1)(A)-(B) (defining a public entity under the ADA as any state or local government or
12  agency of a state or local government); see also Gable v. Wash. Corr. Ctr. For Women, 857 F.
13  App'x 918, 919 (9th Cir. 2021) (individuals not liable under Title II of the ADA); Garcia v.
14  S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the
15  ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state
16  officials." (citations omitted)); A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 804 (3rd Cir. 2007)
17  (citation omitted) (no cause of actions against individuals under RA).
18      The treatment, or lack of treatment, concerning plaintiff's medical condition does not
19  provide a basis upon which to impose liability under the RA or the ADA. "The ADA prohibits
20  discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo
21  County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th
22  Cir. 1996)).
23      F.   State Law Claims
24      For claims against the state, timely presentation of a claim under the Government Claims
25  Act is an element of the cause of action and must be pled in the complaint. See State v. Superior
26  Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004); Cal. Gov't Code § 900.6 (defining "State"
27  as "the State and any office, officer, department, division, bureau, board, commission or agency
28  of the State claims against which are paid by warrants drawn by the Controller").

G.  Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010).  Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983.  This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

H.  Official Capacity

Claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).  However, state officials sued in their official capacity for prospective injunctive relief are "persons" within the meaning of § 1983.  Id. n.10.