1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL UVALLES,                               No.  2:23-cv-0160 DJC AC P

12                    Plaintiff,

13          v.                                     ORDER

14    RUETER, et al.,

15                    Defendants.

16

17          Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18    without a lawyer.  The court screened plaintiff's original complaint and first amended complaint

19    ("FAC") and found that plaintiff had failed to state any claims against any defendants.  ECF Nos.

20    9, 19.  Plaintiff was given leave to file a second amended complaint ("SAC").  Plaintiff has now

21    filed a SAC, which the court will screen in this order.

22          I.      Statutory Screening of Prisoner Complaints

23          The court is required to screen complaints brought by prisoners seeking relief against "a

24    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

25    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v.

26    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

27    an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

28    327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

1  arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

2  superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

3  2000).

4          In order to avoid dismissal for failure to state a claim a complaint must contain more than

5  "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

6  cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8  statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

9  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

10  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

11  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation

12  omitted).  When considering whether a complaint states a claim, the court must accept the

13  allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

14  complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

15  (1969) (citations omitted).

16      II.      Factual Allegations of the Second Amended Complaint

17          The SAC alleges that defendants Rueter, the Chief Medical Examiner ("CME") at High

18  Desert State Prison ("HDSP"); Patel, a primary care physician ("PCP") at CCC-Susanville; Chen,

19  a PCP at CSP-Solano; Yeh, a PCP at CTF-Soledad; and Ahmad, a PCP at Wasco State Prison, all

20  sued in their individual and official capacities, violated plaintiff's rights under the Eighth

21  Amendment to the United States Constitution, the California Constitution, and state tort law.

22  ECF No. 22 at 4-7.

23          Plaintiff alleges that in February 2019, his PCP at CSP-Solano advised him that he was

24  approved for surgery on both his feet due to a medical condition in which plaintiff is missing

25  cartilage in between his toes.  Id. at 9.  However, a month later, before any surgery, he was

26  transferred to HDSP.  Id.  At HDSP, Dr. Rueter denied the Request for Services ("RFS") order

27  from plaintiff's then-PCP.  Id.  Shortly thereafter, plaintiff was transferred to CCC-Susanville.  Id.

28          In February 2022, while at Pleasant Valley State Prison, plaintiff again sought to revive

1    the approval for surgery on his feet.  Id.  Plaintiff's PCP submitted a RFS order for "Podiatry:

2    Arthroplasty Toe," which was subsequently approved.  Id.  However, before surgery, plaintiff

3    was transferred back to CSP-Solano.  Id.  In May 2023, CME Felder denied plaintiff's RFS

4    referral, despite two prior approvals.  Id.

5          Plaintiff alleges that he is being denied medical attention and surgeries based on the use of

6    the InterQual algorithm, which "purports to be evidence-based standards that reasonably reflect

7    generally accepted standards of medical practice," but is not designed for incarcerated settings.

8    Id. at 9-10.  According to plaintiff, when his PCP submits an RFS, "the utilization management

9    nurse inputs the RFS information and inmate patient information into the InterQual algorithm."

10   Id.  Defendants then rely on the InterQual algorithm "to provide them with a 'reasoned' decision

11   on which they base their approval or denial on the medical issue in question."  Id. at 10.

12   Defendants do not rely on their "informed or professional judgment after review of the RFS from

13   plaintiff's PCP."  Id.

14         Plaintiff asserts that because of the approval and disapproval of surgery for his feet, for

15   years, he has suffered mental anguish and physical pain with every step he has taken.  Id. at 10.

16   By way of relief, plaintiff seeks declaratory, injunctive, and monetary relief.  Id. at 11.

17   III.    Claims for Which a Response Will Be Required

18         After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

19   plaintiff has adequately stated a valid claim for relief under the Eighth Amendment against

20   defendant Rueter.  Liberally construed, plaintiff's allegations sufficiently allege that Rueter and

21   Felder ignored the recommendations of plaintiff's treating physicians and instead knowingly

22   deferred medical decisions to a computer algorithm that was not designed to address medical

23   treatment in a carceral setting.  Of these two actors, only Dr. Rueter is identified as a defendant in

24   the SAC.

25         As discussed below, plaintiff will be given the option to proceed with the SAC or file a

26   third amended complaint ("TAC").  If plaintiff choses to proceed with the SAC, only Dr. Rueter

27   will be required to respond to plaintiff's Eighth Amendment claim.  However, if plaintiff files a

28   TAC which restates his allegations against Drs. Rueter and Felder **and** adds Dr. Felder in the case

1   caption and list of defendants, the court will screen the amended complaint and decide whether it

2   is appropriate to require a response from both Rueter and Felder.

3       IV.      Failure to State a Claim

4          The allegations in the complaint are not sufficient to state any other claims for relief

5   against defendant Rueter or any claims for relief against defendants Patel, Chen, Yeh, and

6   Ahmad.

7           A.  State Tort Law – Negligence

8          Plaintiff fails to state any state law (negligence) claim against any defendant because he

9   has not alleged that prior to bringing this case, he timely presented a written claim and acted upon

10  it, or that he was excused from compliance under the California Government Claims Act.

11          B.  California Constitution

12          Plaintiff fails to state any section 1983 claim for relief against any defendant for violations

13  under California's Constitution.  To state a claim under 42 U.S.C. § 1983 plaintiff must allege

14  defendants violated his federal rights.  A violation under California's Constitution is not a

15  violation of plaintiff's *federal* rights.

16          C.  Official Capacity Claims

17          Plaintiff cannot state *official* capacity claims against any of the defendants because such

18  claims are barred by sovereign immunity under the Eleventh Amendment.

19          D.  Defendants Patel, Chen, Yeh, and Ahmad

20          Plaintiff also fails to state any section 1983 claims against defendants Patel, Chen, Yeh,

21  and Ahmad because he does not allege any conduct by these defendants.  Even if the court were

22  to infer that plaintiff's allegations with respect to his PCP at CSP-Solano refer to defendant Chen,

23  he has not stated any claim for relief against him.  Plaintiff merely alleges that his PCP at CSP-

24  Solano advised him he had been approved for surgery on both feet and that that shortly thereafter

25  plaintiff was transferred out of CSP-Solano.  Plaintiff does not allege that his PCP caused his

26  transfer, nor that his PCP intentionally transferred plaintiff to HDSP to deny, delay, or

27  intentionally interfere with his surgery.

28  ////

4

1    V.    Leave to Amend

2            Leave to amend should be granted if it appears possible that the defects in the complaint

3    could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

4    (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

5    cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

6    States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

7            The court finds, as set forth above, that portions of the complaint fail to state a claim upon

8    which relief may be granted.  Plaintiff has already been given two opportunities to amend the

9    complaint and advised what kind of information he needed to provide.  However, the allegations

10   of the SAC do not overcome the prior defects.  Like the original complaint and the FAC, the SAC

11   does not allege *any conduct* for several defendants and/or makes vague and conclusory

12   allegations about their participation and continues to assert state law (negligence) claims without

13   alleging compliance with the California Government Claims Act.  See ECF No. 22 at 4-10.  The

14   court has repeatedly instructed plaintiff that to state § 1983 claim he must allege each defendants'

15   personal involvement in a violation of his federal rights.  ECF No. 9 at 3; 19 at 8.  The court has

16   also instructed plaintiff on the kinds of facts required to state a deliberate indifference claim and

17   the prerequisites for asserting a state law claim.  ECF No. 19 at 4, 11.

18           Given the lack of additional facts regarding the involvement of defendants Patel, Chen,

19   Yeh, and Ahmad in the alleged violation of plaintiff's Eight Amendment rights, and plaintiff's

20   apparent non-compliance with the California Government Claims Act, it does not appear that

21   further amendment as to those defendants or any state law cause of action would result in a

22   cognizable claim.   However, the undersigned will not recommend dismissal of those claims and

23   defendants at this time.  Rather, because it appears plaintiff may have inadvertently failed to list

24   Felder as a defendant in his SAC,[1] he will be provided the opportunity to file a Third Amended

25   Complaint that adds Felder to the caption and lists of defendants.  Should plaintiff also reassert

26   his defective claims against Patel, Chen, Yeh, and Ahmad, and/or any of his putative state law

27

28   [1]  Felder was listed as a defendant in the FAC.  ECF No. 16 at 2.

5

1    claims, the undersigned will recommend their dismissal for the reasons stated above and in the

2    prior screening orders.

3    VI.    Options from Which Plaintiff Must Choose

4    Based on the court's screening, plaintiff has a choice to make.  After selecting from the

5    two options listed below, plaintiff must return the attached Notice of Election form to the court

6    within 21 days from the date of this order.

7    **The first option available to plaintiff is to proceed immediately against defendant**

8    **Rueter on his Eighth Amendment medical deliberate indifference claim.  By choosing this**

9    **option, plaintiff will be agreeing to voluntarily dismiss all other claims against defendant**

10    **Rueter and defendants Patel, Chen, Yeh, and Ahmad.  The court will proceed to**

11    **immediately serve the complaint and order a response from defendant Rueter.**

12    **The second option available to plaintiff is to file an amended complaint to fix the**

13    **problems described in Section III regarding an Eighth Amendment claim against Felder.**

14    **Plaintiff may also attempt to fix the problems addressed in Section IV, or he may elect to**

15    **drop those claims and defendants from a Third Amended Complaint.  If plaintiff chooses**

16    **this option, the court will set a deadline in a subsequent order to give plaintiff time to file an**

17    **amended complaint.**

18    VII.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

19    Some of the allegations in the SAC state claims against the defendants and some do not.

20    You have stated an Eighth Amendment deliberate indifference claim against defendant Rueter.

21    You have not stated any claims for negligence or violation under California's Constitution or

22    official capacity claims against *any* defendant. You have also not stated any Eighth Amendment

23    claims against defendants Patel, Chen, Yeh, and Ahmad.

24    You have a choice to make.  You may either (1) proceed immediately on your Eighth

25    Amendment claim against defendant Rueter and voluntarily dismiss the other claims; or, (2) try to

26    amend the complaint.  To decide whether to amend your complaint, the court has attached the

27    relevant legal standards that may govern your claims for relief.  See Attachment A.  Pay

28    particular attention to these standards if you choose to file an amended complaint.

6

1    VIII.    Conclusion

2           In accordance with the above, IT IS HEREBY ORDERED that:

3           1.   Plaintiff fails to state negligence claims, California Constitutional claims, and official

4    capacity claims for monetary damages against any defendant.  Plaintiff also fails to state any

5    Eighth Amendment claim against defendants Patel, Chen, Yeh, and Ahmad.

6           2.   Plaintiff has the option to proceed immediately on his Eighth Amendment claim

7    against defendant Rueter as set forth in Section III above, or to file an amended complaint.

8           3.   Within 21 days from the date of this order, plaintiff shall complete and return the

9    attached Notice of Election form notifying the court whether he wants to proceed on the screened

10   complaint or whether he wants to file an amended complaint.

11          4.   If plaintiff does not return the form, the court will assume that he is choosing to

12   proceed on the complaint as screened against defendant Rueter only, and will recommend

13   dismissal without prejudice of plaintiff's negligence and California Constitutional claims, as well

14   as any official capacity claims seeking monetary damages against all defendants.  The court will

15   further recommend defendants Patel, Chen, Yeh, and Ahmad be dismissed without prejudice.

16   DATED: July 18, 2025

17                                                    _Allison Claire_

18                                                    ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES, | No.  2:23-cv-0160 DJC AC P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| RUETER, et al., | |
| Defendants. | |

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment medical deliberate indifference claim against defendant Rueter without amending the complaint.  Plaintiff understands that by choosing this option, plaintiff's negligence claims, California Constitutional claims, and official capacity claims seeking monetary relief, and defendants Patel, Chen, Yeh, and Ahmad will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

_____
Raul Uvalles
Plaintiff pro se

1

<u>Attachment A</u>

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.    <u>Legal Standards Governing Amended Complaints</u>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  <u>See</u> Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

II.    <u>Legal Standards Governing Substantive Claims for Relief</u>

A.  <u>Section 1983 Claim for Violation of State Laws and Regulations</u>

An officer's violation of state laws and/or regulations, including California's Constitution, is not grounds for a § 1983 claim.  <u>See</u> <u>Case v. Kitsap County Sheriff's Dept.</u>, 249 F.3d 921, 930 (9th Cir. 2001) (quoting <u>Gardner v. Howard</u>, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")).  Violations of state law and regulations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right.  <u>See</u> <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of

1

1    federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

2    (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch.

3    Dist., 90 F.3d 367, 370 (9th Cir. 1996) (federal and state law claims should not be conflated; "[t]o

4    the extent that the violation of a state law amounts the deprivation of a state-created interest that

5    reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress").

6                    B.  State Law Claims

7         Under the California Government Claims Act, no action for damages may be commenced

8    against a public employee or entity unless a written claim was timely presented (within six

9    months after the challenged incident) and acted upon before filing suit.  See Cal. Govt. Code

10   §§ 905, 945.4, 950.2.  The resulting suit must "allege facts demonstrating or excusing compliance

11   with the claim presentation requirement" or the state law claim is subject to dismissal.  State of

12   California v. Superior Ct., 32 Cal.4th 1234, 1239 (2004).  "The requirement that a plaintiff must

13   affirmatively allege compliance with the [Government Claims Act] applies in federal court."

14   Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

15                   C.  Personal Involvement

16        "Liability under § 1983 must be based on the personal involvement of the defendant,"

17   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

18   164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

19   rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

20   (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right,

21   within the meaning of section 1983, if he does an affirmative act, participates in another's

22   affirmative acts, or omits to perform an act which he is legally required to do that causes the

23   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

24   1978) (citation omitted).  In other words, to state a claim for relief under section 1983, plaintiff

25   must link each individual defendant with some affirmative act or omission that shows a violation

26   of plaintiff's federal rights.

27

28

                                                        2

D. Eighth Amendment Medical Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding the appropriate course of treatment does not by itself amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A difference of opinion rises to the level of deliberate indifference when "the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Toguchi, 391 F.3d at 1058 (alteration in original) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

E. Eleventh Amendment Sovereign Immunity

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28

3

1  (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive

2  relief against a state, 'an arm of the state', its instrumentalities, or its agencies.").  The Eleventh

3  Amendment, however, does not bar suits seeking damages against state officials in their

4  individual capacities.  Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking

5  only prospective declaratory or injunctive relief against state officers sued in their official

6  capacities.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (state officials sued in their

7  official capacity for prospective relief are "person[s]" within the meaning of § 1983").

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28