UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL UVALLES,

        Plaintiff,

   v.

RUETER,

        Defendant.

No.  2:23-cv-0160 DJC AC P

ORDER

After filing a late responsive pleading in this case, defendant filed an administrative motion *nunc pro tunc* to extend the deadline to file a responsive pleading.  ECF Nos. 41, 43.  The motion explains that the deadline was mis-calendared and the error was not discovered until the court issued the discovery and scheduling order.  ECF No. 43 at 2-3.  As soon as the error was discovered defendant took steps to address the error, including measures to ensure future compliance with the court's deadlines in this case and other cases.  Id. at 3.

Rule 6(b) of the Federal Rules of Civil Procedure allows a court to grant an extension of time, after a deadline has expired, for good cause and "if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The Ninth Circuit has held that the Supreme Court's analysis of excusable neglect in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), applies in this context.  See Bateman v. United States Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000).  In Pioneer, the Supreme Court

1

adopted a "flexible understanding" of excusable neglect and identified four basic factors to be considered by the court when ruling on a request to extend a filing deadline.  Pioneer, 507 U.S. at 389.  These factors include: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its impact on court proceedings; 3) the reason for the delay; and, 4) the good faith of the moving party.  Pioneer, 507 U.S. at 395.  This assessment is an equitable one that is intended to take into consideration all relevant circumstances, and not just the four factors listed above.  Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).

Applying the factors in Pioneer, and considering all relevant circumstances, the court finds both good cause and excusable neglect.  Although a two-month delay is not insignificant, when considering the more than eight-month delay caused by plaintiff's several motions for extensions of time and that this is defendant's first motion for an extension of time, the court finds plaintiff would not be prejudiced by this extension.  See Bateman, 231 F.3d at 1225 (the general effect of a short delay is insufficient to justify denying an extension of time).   The court also finds that the delay will not impact the court's proceedings, particularly where a trial date has not been set.  Moreover, although the reason for delay, calendaring error, has been described as a "weak justification for an attorney's delay," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir. 2010), it is the type of error that has supported an extension of time.  See Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004).  Counsel appears to have acted acted in good faith in expeditiously attempting to address the issue with plaintiff and seek an extension.  See Bateman, 231 F.3d at 1225 (finding that counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness").

Accordingly, IT IS HEREBY ORDERED that defendant's administrative motion (ECF No. 43) is GRANTED.  The deadline to file a responsive pleading is retroactively extended to March 16, 2026, and defendant's answer (ECF No. 41) is deemed timely.

DATED: March 30, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2