UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL UVALLES,

        Plaintiff,

    v.

RUETER, et al.,

        Defendants.

No.  2:23-cv-0160 DJC AC P

ORDER

Plaintiff has filed a motion to modify the discovery and scheduling order, seeking to extend the deadline to complete discovery by forty-five (45) days.  ECF No. 45.  Plaintiff asserts he needs an extension because (1) he had to obtain documents that he had lost or misplaced during various transfers, (2) the inmate who was assisting him with his discovery has recently been transferred, and (3) the new inmate who is assisting him has started to draft plaintiff's discovery but needs more time to do so.  Id. at 3-5.

To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).  The good cause inquiry primarily centers on the moving party's diligence.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609.  "Although the existence or degree

1

of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted). "If that party was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

Pursuant to the operative discovery and scheduling order, "all requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than May 7, 2026." ECF No. 42 at 6. The deadline to conduct and complete discovery, including the filing of motions to compel, is July 10, 2025. Id. The deadline to file dispositive motions, such as motions for summary judgment, is October 2, 2026. Id.

Plaintiff filed the present motion before the deadline to serve discovery requests expired, and as soon as he discovered the need for additional time. This is plaintiff's first motion to modify the discovery order. Accordingly, the court finds good cause to grant the motion and extend all litigation deadlines by forty-five days.

Pursuant to the operative discovery and scheduling order, "[r]esponses to written discovery requests shall be due forty-five days after the request is served." ECF No. 42 at 5. If plaintiff needs additional time to respond to any specific request(s) from defendants, he may seek a stipulated extension from defense counsel. Should defendants not agree to an extended response deadline, plaintiff may file a motion to extend the time to respond.

Good cause appearing, **IT IS ORDERED** that plaintiff's motion to modify the discovery and scheduling order (ECF No. 45) is GRANTED. The discovery and scheduling order (ECF No. 42) is modified as follows:

1. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **June 22, 2026.**

2. The parties may conduct discovery until **August 24, 2026.**

3. Any motions necessary to compel discovery shall be filed by **August 24, 2026.**

4. All pretrial motions, except motions to compel discovery and motions directly related

2

to trial proceedings, shall be filed on or before **November 16, 2026.**

DATED: May 14, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE