UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES,<br>Plaintiff,<br>v.<br>RUETER, et al.,<br>Defendants. | No. 2:23-cv-00160 DJC AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has filed a second motion to modify the discovery and scheduling order to extend the deadline to complete discovery by forty-five (45) days. ECF No. 47.[1] Plaintiff represents that he needs additional time to request and obtain medical documents through the prison grievance system to support his case, and that he was unable to communicate with the inmate who is assisting him with his discovery during a 10-day quarantine at the facility. Id. at 2-4. To date, defendant has not opposed plaintiff's request.

To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975

[1] Although the first page of plaintiff's motion provides that he is requesting a thirty-day extension, the fourth page requests "an extension of 45 days to be on the safe side." Id. at 1, 4. The court construes plaintiff's motion as seeking the longer extension of time.

F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving party's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted). "If that party was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

Pursuant to the court's May 15, 2026 discovery and scheduling order, "all requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than June 22, 2026." ECF No. 46 at 2. The deadline to conduct and complete discovery, including the filing of motions to compel, is August 24, 2026. Id. The deadline to file dispositive motions, such as motions for summary judgment, is November 16, 2026. Id. at 3.

Plaintiff filed the present motion before the deadline to serve discovery requests expired, and as soon as he discovered the need for additional time. This is plaintiff's second motion to modify the discovery order. Accordingly, the court finds good cause to grant the motion and extend all litigation deadlines by forty-five days. The parties are reminded that responses to written discovery requests are due forty-five days after the request is served. ECF No. 42 at 5; ECF No. 46 at 2. If plaintiff needs additional time to responds to any specific request(s) from defendants, he may seek a stipulated extension from defense counsel. Should defendants not agree to an extended response deadline, plaintiff may file a motion to extend the time to respond.

Good cause appearing**, IT IS ORDERED** that plaintiff's second motion to modify the discovery and scheduling order (ECF No. 47) is GRANTED. The most recent discovery and scheduling order (ECF No. 46) is modified as follows:

1. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **August 6, 2026.**

2. The parties may conduct discovery until **October 8, 2026.**

3. Any motions necessary to compel discovery shall be filed by **October 8, 2026.**

4. All pretrial motions, except motions to compel discovery and motions directly related to trial proceedings, shall be filed on or before **December 31, 2026.**

IT IS SO ORDERED.

DATED: July 20, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE