UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES,<br>Plaintiff,<br>v.<br>RUETER, et al.,<br>Defendants. | No. 2:23-cv-00160 DJC AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has filed a third motion to modify the discovery and scheduling order, seeking to extend the deadline to complete discovery by 120 days. ECF No. 49. Plaintiff asserts he needs this additional extension of time to review documents he only recently received, to respond to outstanding discovery requests, and to prepare his case. Id. Defendant has not opposed plaintiff's request.

To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving party's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. "Although the existence or degree

of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted). "If that party was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

Pursuant to the court's July 21, 2026 order, "[a]ll requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than August 6, 2026." ECF No. 48 at 2. The parties may conduct discovery until October 8, 2026. Any motions necessary to compel discovery shall be filed by October 8, 2026. Id. at 3. All pretrial motions, except motions to compel discovery and motions directly related to trial proceedings, shall be filed on or before December 31, 2026. Id.

This is plaintiff's third motion to modify the discovery order, but plaintiff represents that he was recently deposed and the parties have been actively exchanging discovery. ECF No. 49. Accordingly, the court finds good cause to grant plaintiff's motion in part and extend all litigation deadlines by an additional sixty days. The parties are reminded that responses to written discovery requests are due forty-five days after the request is served. ECF No. 42 at 5; ECF No. 48 at 2. If plaintiff needs additional time to respond to any specific request(s), he may seek a stipulated extension from defense counsel. Should defendants not agree to an extended response deadline, plaintiff may file a motion to extend the time to respond.

**Plaintiff is advised that no additional extensions will be granted absent a showing of good cause.**

Good cause appearing**, IT IS ORDERED** that plaintiff's motion to modify the discovery and scheduling order (ECF No. 49) is GRANTED IN PART and the discovery and scheduling order (ECF No. 42) is modified as follows:

1. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **October 5, 2026.**

2. The parties may conduct discovery until **December 7, 2026.**

3. Any motions necessary to compel discovery shall be filed by **December 7, 2026.**

4. All pretrial motions, except motions to compel discovery and motions directly related to trial proceedings, shall be filed on or before **March 1, 2027.**

IT IS SO ORDERED.

DATED: September 3, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE